# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| V. | : | No. 2:14-cv-02477-LDD |
| | : | |
| **JOHN DOE subscriber assigned** | : | |
| **IP address 108.36.223.215,** | : | |
| | : | |
| **Defendant,** | : | |

## ORDER

**AND NOW**, on this _____ day of _____, 2014, upon consideration of Defendant John Doe's Motion for Protective Order regarding Plaintiff's third party subpoena directed to Verizon Internet Services, and any response thereto, it is hereby **ORDERED** and **DECREED** that:

1. Said Motion is **GRANTED**;

2. Counsel for Defendant John Doe subscriber assigned IP address 108.36.223.215 ("Defendant") shall provide Plaintiff's counsel with the name and address of the Defendant;

3. Plaintiff SHALL maintain Defendant's name in confidence and **SHALL NOT** disclose Defendant's name in the public record.

4. In light of Defendant's willingness to voluntarily disclose his name and address to Plaintiff, Third Party Verizon Internet Services is hereby excused from responding to Plaintiff's subpoena.

BY THE COURT:

_____
**HONORABLE LEGROME D. DAVIS**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| V. | : | No. 2:14-cv-02477-LDD |
| | : | |
| **JOHN DOE subscriber assigned** | : | |
| **IP address 108.36.223.215,** | : | |
| | : | |
| **Defendant,** | : | |

## MOTION FOR PROTECTIVE ORDER RE THIRD PARTY SUBPOENA

Defendant John Doe, by and through his undersigned attorneys, hereby moves for a protective order in connection with Plaintiff's Subpoena to third party Verizon Internet Services. In support hereof, Defendant avers as follows:

1. This matter arises, at least in part, from the alleged downloading of pornographic movies from the internet by Defendant on his personal computer in the privacy of his home.

2. Defendant did not knowingly distribute any alleged copyrighted material to any third party.

3. Defendant is embarrassed and humiliated by this matter.

4. Public disclosure of Defendant's name will only further serve to humiliate and embarrass him, and this is before Plaintiff's claims of infringement are actually proven.

5. Other courts have allowed nearly identical matters to proceed anonymously, recognizing that the interests in protecting defendant's privacy and reputational interests outweighs the need for public disclosure of the defendant's identity.

6. Defendant's counsel, Robert Eyre, has proposed a stipulation to Plaintiff that would provide Plaintiff the requested discovery while keeping John Doe's given name out of the public record.

7. Plaintiff's counsel never responded to Mr. Eyre's proposed stipulation.

8. Since Defendant has offered Plaintiff the very information Plaintiff seeks from the third party subpoena, and given Plaintiff's refusal to so stipulate, it leads at least to an inference that Plaintiff intends to use John Doe's information for the purpose of public humiliation and embarrassment.

9. Plaintiff will not be prejudiced by the entry of the Protective Order. On the other hand, Defendant John Doe faces significant prejudice that cannot be undone if the Order is not granted.

WHEREFORE, Defendant John Doe respectfully requests that the Court grant his Motion for a Protective Order and enter the accompanying proposed Order.

**FOEHL & EYRE, P.C.**

DATED: July 15, 2014         By:   s/ **ROBERT E. EYRE**
                                    ROBERT B. EYRE, ESQUIRE
                                    PA ATTY I.D. NO. 41990
                                    27 E. Front Street
                                    Media, PA  19063
                                    (215) 566-5926
                                    Attorneys for Defendant
                                    John Doe

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| V. | : | No. 2:14-cv-02477-LDD |
| | : | |
| **JOHN DOE subscriber assigned** | : | |
| **IP address 108.36.223.215,** | : | |
| | : | |
| **Defendant,** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendant John Doe, by and through his undersigned attorneys, hereby respectfully submits this Memorandum of Law in support of his Motion for Protective Order.

### I.  INTRODUCTION

This matter arises, at least in part, from the alleged downloading of pornographic movies from the internet by Defendant on his personal computer in the privacy of his home.  Defendant did not knowingly distribute any alleged copyrighted material to any third party.

Defendant is embarrassed and humiliated as a result of this matter.  Public disclosure of Defendant's name will only serve to further humiliate and embarrass Defendant.  Such public disclosure and humiliation serves no legitimate interest of the Plaintiff.

### II. LEGAL ARGUMENT

Normally, litigants should identify themselves.  See Fed. R. Civ. P. 10(a). The judicial principle is that courts are to be conducted in public. Doe v. Megless, 654. F.3d 404 (3d. Cir. 2011). However, a litigant may proceed anonymously when he or she shows there is a reasonable fear of severe harm that outweighs the public's interest in open judicial proceedings. Id. In Megless, the Third Circuit adopted the Provident Life test for weigh the litigant's need for anonymity against the traditional rule of openness. Id. at 410.

District Courts may allow a party to proceed anonymously when there are exceptional circumstances. "Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" Id. (citing Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

<u>In re: Bittorrent Adult Film Copyright Infingement Cases</u>, No. 12-1154, is instructive here. In that case, the Eastern District of New York allowed defendants to proceed anonymously, holding that:

> On the other side of the equation, there is an "atypically weak public interest in knowing the [defendant's] identit[y]." <u>Sealed Plaintiff</u>, 537 F.3d at 189. This action is part of a spate of similar actions involving hundreds of thousands of defendants accused of the type of infringement alleged here. <u>In re BitTorrent</u>, 2012 WL 1570765 at *1. In fact, a Westlaw search reveals that this plaintiff has brought scores of similar actions involving thousands of John Doe defendants. Thus, in this instance, the incremental value to public of the identity of a single defendant is minimal, representing but a drop in a litigative ocean. Thus, applying the <u>Sealed Plaintiff</u> test to this case reveals that the defendant's interest in anonymity substantially outweighs the public interest in the single data point of the defendant's identity."

Here, Defendant's counsel, Robert Eyre, has proposed a stipulation to Plaintiff that would provide Plaintiff with the requested discovery while keeping John Doe's given name out of the public record. Plaintiff's counsel never responded to Mr. Eyre's proposed stipulation. It may simply be that Plaintiff's counsel is busy managing the "litigative ocean" as the court above called it. However, it is also possible to infer that Plaintiff intends to use John Doe's information for the purpose of public humiliation and embarrassment.

Plaintiff will not be prejudiced by the entry of the Protective Order. Defendant's identifying information will be provided to Plaintiff. Plaintiff simply cannot make it a matter of

public record.  On the other hand, Defendant John Doe faces significant prejudice that cannot be undone if the Order is not granted.

### III.    CONCLUSION

For all the foregoing reasons, Defendant John Doe respectfully requests that the Court grant his Motion for a Protective Order and enter the accompanying proposed Order.

                          Respectfully submitted,

                          **FOEHL & EYRE, P.C.**

DATED:  July 15, 2014            By:   s/ **ROBERT E. EYRE**
                                          ROBERT B. EYRE, ESQUIRE
                                          PA ATTY I.D. NO. 41990
                                          27 E. Front Street
                                          Media, PA  19063
                                          (215) 566-5926
                                          Attorneys for Defendant
                                          John Doe

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Motion for Protective Order re Third Party Subpoena and supporting Memorandum of Law to be served upon the following at the address and manner of service indicated:

### VIA ECF ELECTRONIC FILING:

Christopher P. Fiore, Esq.
Fiore & Barber
418 Main Street
Harleysville, PA 19438
Attorneys for Plaintiff

DATED:  July 15, 2014                   s/ Patrick K. McCoyd
                                     PATRICK K. McCOYD, ESQUIRE